AO 245B (CASD) (Rev. 1/12)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

4 MAR 13 AM 10: 30

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Leo Ronald Casias Jr.  -2<br>aka:  Leopold Ronald Casias Jr. | Case Number:  12-cr-04966-JAH-2 |
| | Cassandra Lucinda Lopez  Federal Defenders |
| | Defendant's Attorney |

**REGISTRATION NO.** 06023198

☐

THE DEFENDANT:

☒ pleaded guilty to count(s) One of the Indictment.

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:1349; 18:981(a)(1)(C), 28:2461(c) | Conspiracy | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ No fine        ☐ Forfeiture pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

January 17, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

12-cr-04966-JAH-2

AO 245B (CASD) (Rev. 1/12)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT: Leo Ronald Casias Jr. -2
CASE NUMBER: **12-cr-04966-JAH-2**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Thirty-three months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that defendant Anthony Donald Casias (01), and defendant Leo Ronald Casias, Jr. (02) not serve their sentence in the same institution.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**12-cr-04966-JAH-2**

AO 245B (CASD) (Rev. 1/12)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: Leo Ronald Casias Jr. -2
CASE NUMBER: **12-cr-04966-JAH-2**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**12-cr-04966-JAH-2**

AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 4 — Special Conditions

| | Judgment—Page | 4 | of | 5 |

DEFENDANT: Leo Ronald Casias Jr. -2
CASE NUMBER: 12-cr-04966-JAH-2

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☒ Not engage in the employment or profession that include any fiduciary responsibility.

☒ Not visit casinos, horse race tracks, or other gambling establishments and not engage in any gambling activities.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☒ Resolve all outstanding warrants within 90 days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

12-cr-04966-JAH-2

AO 245S   Judgment in Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Leo Ronald Casias, Jr.
CASE NUMBER: 12-cr-04966-JAH-02

Judgment — Page ___5___ of ___5___

# RESTITUTION

The defendant shall pay restitution in the amount of _____ $53,471.75 _____ unto the United States of America.

This sum shall be paid ____ immediately.
                       _x_ as follows:

To victims:

| Victim Name | Address | City | State | Zip Code | Loss Amount |
|---|---|---|---|---|---|
| Anthony Bianchi | 1024 Felspar | San Diego, California | | 92109 | $2,181.80 |
| Margaret Clarke | 2262 Market St Apt #2 | San Diego, California | | 92102 | $22,124.35 |
| Nick Joseph Dalfio | 10946 Avenida Roberta | Spring Valley, California | | 91978 | $1,436.44 |
| Brian McBride | 3990 Crown Point Dr Unit #4 | San Diego, California | | 92109 | $1,970.00 |
| Jody Van Roekel | 7201 W 22nd St | Sioux Falls, South Dakota | | 57106 | $5,018.45 |
| Bruce Santourian | 2603 Industry St | Oceanside, California | | 92054 | $4,861.95 |
| Ernest Wenzel | 1858 Ridge View Dr. | San Diego, California | | 92105 | $2,000.00 |
| Fernando Verdugo, Jr. | 862 Starboard Street | Chula Vista, California | | 91914 | $235.80 |
| David Morales | 774 Dove Crest Place | Chula Vista, California | | 91914 | $335.80 |
| William Hauck | 965 St. Germaine Road | Chula Vista, California | | 91913 | $717.60 |
| Jimmie VeNard | 125390 W. Crestline Drive | Littleton, Colorado | | 80127 | $5,008.00 |
| Allan Bosswick | 9849 Walley Avenue | Philadelphia, Pennsylvania | | 91915 | $5,724.84 |

FBI San Diego Attn: file #196D-SD-73167  10385 Vista Sorrento Parkway San Diego, California 92121 $1,856.72

Total  $53,471.75

SEE ORDER ATTACHED  ***

The Court has determined that the defendant  does not  have the ability to pay interest.  It is ordered that:

_x_   The interest requirement is waived.

____   The interest is modified as follows:

12-cr-04966-JAH-02

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>   v.<br><br>ANTHONY CASIAS (1),<br>LEO CASIAS (2),<br><br>      Defendants. | Case No. 12CR4966-JAH<br><br>**RESTITUTION ORDER** |

It is ordered that the defendants pay restitution to the following victims in the amounts specified, through the Clerk, U.S. District Court.

| Victim | Restitution Owed |
|---|---|
| Bruce Santourian | $ 4,861.95 |
| Fernando Verdugo | $   235.80 |
| David Morales | $   335.80 |
| William Hauck | $   717.60 |
| Anthony Bianchi | $ 2,181.80 |
| Brian McBride | $ 1, 970.00 |
| Nick Dalfio | $ 1,436.44 |
| Jody Van Roekel | $ 5,018.45 |
| Jimmie VeNard | $ 5,008.00 |
| Allan Bosswick | $ 5,724.84 |
| Margaret Clarke | $22,124.35 |
| Ernest Wenzel | $ 2,000.00 |
| FBI | $ 1,856.72 |
| Total | $53,471.75 |

1   Payment of restitution shall be forthwith. During each defendant's incarceration,
2   the defendant shall pay restitution through the Inmate Responsibility Program at the rate
3   of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The
4   defendants shall pay the restitution during supervised release at the rate of $250 per
5   month. These payment schedules do not foreclose the United States from exercising all
6   legal actions, remedies, and processes available to collect the restitution judgment.

7   Payment shall be applied pro rata among the listed victims, except that the Federal
8   Bureau of Investigation ("FBI") shall not receive any funds until all of the individual
9   victims have been fully repaid. Defendants shall be jointly and severally liable to pay
10  restitution. Until restitution has been paid, each defendant shall notify the Clerk of the
11  Court and the United States Attorney's Office of any change in the defendant's mailing
12  or residence address, no later than thirty (30) days after the change occurs.

13  **IT IS SO ORDERED.**

14

15  **DATED:** March 10, 2014

Hon. John A. Houston
United States District Judge

2